# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PETER BROWN, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:11-cv-695-JMS-MJD |
| | ) |
| ATTORNEY GENERAL OF INDIANA, | ) |
| | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

### I. Petition for Writ of Habeas Corpus

Peter Brown is confined at a federal prison in Lewisburg, Pennsylvania. Brown was convicted of Reckless Homicide in an Indiana state court in a proceeding identified as No. 49G01-9109-CF-128567. The conviction was entered based on Brown's plea agreement with the State of Indiana, which the trial court accepted.

Claiming that the State of Indiana breached the plea agreement, Brown has filed this action for a writ of habeas corpus. The action is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

Brown has been down this path before. Specifically, in an action docketed as No. 2:07-cv-209-RLY-WGH, Brown sought habeas corpus relief with respect to the same conviction. After briefing and the filing of an expanded record, it was concluded that Brown had been discharged from the 1992 conviction on July 11, 1994, and that he was unable to satisfy the "in custody" requirement of the federal habeas state. Accordingly, the habeas action docketed as No. 2:07-cv-209-RLY-WGH was dismissed for lack of jurisdiction on November 14, 2007.

The adjudication in No. 2:07-cv-209-RLY-WGH is conclusive on the point noted. *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000)("A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue.")(citing *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1400 (7th Cir. 1987)).

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

With the prior habeas petition motion having been adjudicated on the merits of the question of whether Brown could satisfy the "in custody" requirement of the federal habeas statute, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

This means that the present action, for which no authorization from the Court of Appeals has been supplied, must be dismissed for lack of jurisdiction as an unauthorized second or successive habeas application. *Burton v. Stewart,* 127 S. Ct. 793, 796 (2007) (stating that the district court was without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court."); *United States v. Lloyd,* 398 F.3d 978, 979 (7th Cir. 2005).

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Brown has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 08/18/2011

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana